IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Randel Roberts, | ) | C/A No. 0:09-1607-JFA-PJG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Randel Roberts ("Roberts"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying his claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").

## ADMINISTRATIVE PROCEEDINGS

On October 18, 2006, Roberts applied for DIB and on October 20, 2006 he applied for SSI. Roberts's applications were denied initially and on reconsideration and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on January 18, 2008 at which Roberts appeared and testified and was represented by George H. Thomason, Esquire. The ALJ, after hearing the testimony of a vocational expert, issued a decision dated May 14, 2008 finding that Roberts was not disabled.

Roberts was forty-one years old at the time of the ALJ's decision. He has a ninth grade education and a General Equivalency Diploma, and has completed three years of trade school. (Tr. 21.) He has past relevant work experience as a truck driver. (Tr. 21-22.) Roberts alleges disability

Page 1 of 11

PJG

since October 20, 2006 due to a neck impairment that caused vision problems, difficulties turning and keeping his neck straight, and trouble controlling his right arm. (Tr. 104.)

The ALJ made the following findings and conclusions:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2011.

2. The claimant has not engaged in substantial gainful activity since October 20, 2006, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

    \* \* \*

3. The claimant has the following severe combination of impairments: spasmodic torticollis and cervical degenerative disc disease (20 CFR 404.1520(c) and 416.920(c)).

    \* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

    \* \* \*

5. After careful consideration of the entire record, I find the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except for using the right upper extremity more than frequently, being more than moderately exposed to hazards, and balancing, crawling, and stooping on more than an occasional basis.

    \* \* \*

6. The claimant is capable of performing past relevant work as a truck driver. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

    \* \* \*

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 20, 2006, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 12-16.)

Roberts filed an appeal and submitted new evidence for consideration, which the Appeals Council admitted into the administrative record. (Tr. 4.) On May 7, 2009, the Appeals Council

denied Roberts's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-3.) Roberts filed this action on June 18, 2009.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1972). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and

(5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age,

PJG

education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775 (4th Cir. 1973).

**ISSUES**

Roberts raises the following issues for this judicial review:

I. The ALJ did not perform the analysis of the treating and evaluating physician opinions required by 20 CFR § 404.1527(d)(1)-(6), SSR 96-2p and SSR 96-5p.

II. The ALJ failed to perform an analysis of the Plaintiff's ability to perform his past relevant work that complies with the requirements of SSR 82-62, 20 CFR § 404.1520, and Fourth Circuit precedent.

III. The ALJ did not explain his findings regarding the Plaintiff's residual functional capacity, as required by Social Security Ruling 96-8p.[]

IV. The Plaintiff's application for benefits should be remanded for administrative consideration of new evidence which was submitted to the Appeals Council.

(Pl.'s Br., Docket Entry12.)

**DISCUSSION**

**A. Dr. Robert A. Ringel's Opinion**

Roberts's first and fourth issues both relate to the evaluation of the opinion of Roberts's treating physician, Dr. Robert A. Ringel. Roberts first argues that the ALJ failed to properly evaluate Dr. Ringel's opinion in accordance with 20 CFR § 404.1527(d)(1)-(6), SSR 96-2p, and SSR 96-5p. Roberts also contends that this matter should be remanded based on additional evidence from Dr. Ringel that was submitted to the Appeals Council. In response, the Commissioner contends that the evaluation of Dr. Ringel's opinion was supported by substantial evidence and that the Appeals Council is not required to provide specific findings regarding additional evidence presented to it. (Def.' Br. at 7-10, 16-19, Docket Entry 13.)

The record reveals that Dr. Ringel treated Roberts from July 2006 through December 2006 and again in July 2007 and September 2007. (Tr. 152-56, 158-59, 184, 187.) In a functional limitations questionnaire dated August 9, 2007, Dr. Ringel stated that he has treated Roberts for

Page 5 of 11

PJG

cervical dystonia. (Tr. 182.) Dr. Ringel indicated that Roberts's "head pulls down to his shoulder" and that it is distracting and causes pain. (Id.) Dr. Ringel stated that this condition did not respond to Botox and that it was not likely to improve, noting that the Medical University of South Carolina ("MUSC") was unable to help Roberts. (Id.) Due to his condition, Dr. Ringel indicated that Roberts cannot focus on a job with this "profound distraction" and cannot perform any postural or exertional actions safely. (Tr. 183.) Finally, Dr. Ringel stated that Roberts's condition has deteriorated greatly. (Id.)

The ALJ did not give Dr. Ringel's opinion controlling weight, finding that it was (1) not supported by his clinical findings and (2) not consistent with other substantial evidence in the record. (Tr. 15.) The ALJ noted that Dr. Ringel's opinion that Roberts was in chronic pain was undermined by the fact that the doctor no longer prescribed pain medication. The ALJ also found that Dr. Ringel's opinion that Roberts could not work safely was undermined by a finding by a consultative neurologist that Roberts could overcome some of his abnormal posturing and hold his neck in a fairly neutral position when distracted. (Id.) Further, the ALJ observed that Roberts testified that he is able to drive. (Id.) Finally, the ALJ found the opinion of the state agency medical consultant to be more reliable and consistent with the record. (Id.)

Following the ALJ's decision on May 14, 2008, Roberts submitted additional evidence to the Appeals Council consisting of the following:

1. Letter dated June 18, 2008 from Roberts's representative;
2. Letter dated November 1, 2008 from Roberts's representative with school records; and
3. A medical note dated July 10, 2008 from Dr. Ringel.

(See Tr. 4, 137-51, 188-89.) Evidence submitted to the Appeals Council with the request for review must be considered in deciding whether to grant review " 'if the additional evidence is (a) new,

(b) material, and (c) relates to the period on or before the date of the ALJ's decision.' "[1] Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (*en banc*) (quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). Evidence is new "if it is not duplicative or cumulative." Id. at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. When a claimant seeks to present new evidence to the Appeals Council, he is not required to show good cause for failing to present the evidence earlier. Id. at 96 n.3; cf. 20 C.F.R. § 404.970(b).

On May 7, 2009, the Appeals Council denied Roberts's request for review. Specifically, the Appeals Council stated that "[i]n looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision."[2] (Tr. 1-2.) The Order of Appeals Council listed the additional evidence described above. (Tr. 4.) Since the Appeals Council denied Roberts's request for review, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 404.981. Accordingly, the court must "review the record as a whole, including the new evidence, in order to determine whether substantial evidence support[ed] the [Commissioner's] findings." Wilkins, 953 F.2d at 96.

The new evidence submitted by Roberts to the Appeals Council contained a letter dated July 10, 2008 from Dr. Ringel. (Tr. 188-89.) This letter appears to address directly several of the reasons that the ALJ determined that Dr. Ringel's opinion was not entitled to controlling weight, as well as

---

[1] The parties do not appear to dispute that the additional evidence submitted to the Appeals Council is new and relates to the period before the date of the ALJ's decision.

[2] The court observes that the Appeals Council provided no further discussion or explanation as to why the additional evidence did not provide a basis for changing the ALJ's decision.



reiterating his original opinion. For example, Dr. Ringel stated that while "[Roberts] has no motor weakness or sensory loss and can ambulate, he is not capable of maintaining visual fixation or attention to any visual target long enough to drive safely other than a small vehicle for a short distance, [and] even that might be somewhat risky." (Tr. 188.) Dr. Ringel noted that Botox treatment has not controlled Roberts's symptoms, that the surgical option "would be difficult because of the side effects," and that alternative therapy would be expensive and without proven results. (Id.) Further, Dr. Ringel addressed pain treatment for Roberts and stated that "[p]ain medications will not resolve [his] spasm [and] muscle relaxers will not resolve the problem." (Tr. 188.)

As an initial matter, the court observes that although the Appeals Council listed the new evidence and stated that it considered the evidence, the Appeals Council failed to discuss the new evidence, thereby rendering a meaningful review by this court difficult. The Commissioner, relying on unpublished Fourth Circuit case law as well case law from other circuits, argues that the Appeals Council is not required to articulate specific reasons for how it weighed the newly submitted evidence. See Freeman v. Halter, 15 Fed. Appx. 87 (4th Cir. 2001) (unpublished); Hollar v. Comm'r of the Soc. Sec. Admin., 194 F.3d 1304 (4th Cir. 1999) (Table).

Cases in this circuit appear to conflict as to whether the Appeals Council must articulate reasons for the assessment of or failure to assess additional evidence. Compare Freeman, 15 Fed. Appx. 87 (concluding that the Appeals Council need not list detailed reasons for its rejection of additional evidence) and Hollar, 194 F.3d 1304 (stating that federal regulations do "not direct that the Appeals Council announce detailed reasons for finding that the evidence did not warrant a change in the ALJ's decision") and Jackson v. Barnhart, 368 F. Supp. 2d 504, 508 n.2 (D.S.C. 2005) ("[T]here is no requirement that the Appeals Council articulate its own assessment of the additional

PJG

evidence in its decision to deny review.") (internal quotation marks omitted) with Jordan v. Califano, 582 F.2d 1333, 1335 (4th Cir. 1978) (concluding that the opinion of the Appeals Council which stated "only that the additional evidence had been considered, was plainly deficient") and Harmon v. Apfel, 103 F. Supp. 2d 869 (D.S.C. 2000) (declining to follow the unpublished Fourth Circuit opinions and stating that "the Appeals Council must articulate its reason for rejecting new, additional evidence, so that a reviewing court may understand the weight the Commissioner attributed to the new evidence") and Suber v. Comm'r of the Soc. Sec. Admin., 640 F. Supp. 2d 684 (D.S.C. 2009) (agreeing with and following the reasoning and holding in Harmon) and Wheelock v. Astrue, No. 9:07-3786-HMH-BM, 2009 WL 250031 (D.S.C. Feb. 3, 2009) (remanding the case to the ALJ "to articulate his assessment of the new and material evidence presented by Wheelock so that this court may determine whether the ALJ's decision is supported by substantial evidence").

As stated above, the additional evidence from Dr. Ringel appears to address directly several of the reasons that the ALJ determined that Dr. Ringel's opinion was not entitled to controlling weight. This court finds that regardless of whether the social security regulations require the Appeals Council to provide specific reasons for rejecting additional evidence which meets the Wilkins criteria, this court in the case at bar cannot determine whether the ALJ's—and, in turn, the Commissioner's—decision is supported by substantial evidence, since there is a reasonable possibility that the new evidence would change the ALJ's decision. See Wilkins, 953 F.2d at 96. Without a reasoned decision on the new evidence and a continuation of the sequential evaluation process, if necessary, the court cannot determine whether substantial evidence supports the Commissioner's decision. Therefore, remand is necessary. See Harmon, 103 F. Supp. 2d at 874; Suber, 640 F. Supp. 2d at 688; Wheelock, 2009 WL 250031 at *9; see also Thomas v. Comm'r of Soc. Sec. Admin., 24 Fed. Appx. 158, 161-63 (4th Cir. Dec. 17, 2001) (unpublished) (concluding

*PJG*

that a remand was necessary where the Appeals Council summarily determined that the new evidence failed to provide a basis for changing the ALJ's decision and further development of the record was required).

**B.     Remaining Issues**

Moreover, the evaluation of the additional evidence may affect the ALJ's determination as to Roberts's credibility, as well as the subsequent steps of the sequential evaluation. Therefore, the court cannot determine whether the ALJ's conclusions as to the remainder of the sequential process are supported by substantial evidence. Further, the ALJ's reconsideration of the above issues may render Roberts's remaining issues moot. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

### RECOMMENDATION

The court cannot determine based on the record before it whether the Commissioner's decision is supported by substantial evidence. Therefore, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 14, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).